1   Elwood Lui (State Bar No. 45538)
    elui@jonesday.com
2   Brian D. Hershman (State Bar No. 168175)
    bhershman@jonesday.com
3   John S. Sasaki (State Bar No. 202161)
    jssasaki@jonesday.com
4   JONES DAY
    555 South Flower Street
5   Fiftieth Floor
    Los Angeles, CA  90071-2300
6   Telephone:  (213) 489-3939
    Facsimile:   (213) 243-2539
7
    Attorneys for Defendants
8   COUNTY OF LOS ANGELES, STEVEN
    COOLEY, CURTIS HAZELL, JOHN SPILLANE,
9   JOHN ZAJEC and JACQUELYN LACEY

10

11                    UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13                          WESTERN DIVISION

14  HYATT SELIGMAN,                        Case No. **CV10 6414 JFW (MANx)**

15                  Plaintiff,
                                           **NOTICE OF REMOVAL OF**
16          v.                             **CIVIL ACTION FROM STATE**
                                           **COURT PURSUANT TO 28 U.S.C.**
17  COUNTY OF LOS ANGELES,                 **§ 1441(b) (FEDERAL QUESTION)**
    STEVEN COOLEY, CURTIS HAZELL,
18  JOHN SPILLANE, JOHN ZAJEC,
    JACQUELYN LACEY, and DOES 1
19  through 100, inclusive,

20                  Defendants.

21

22

23

24

25

26

27

28

LAI-3104720v1

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

PLEASE TAKE NOTICE THAT defendants County of Los Angeles, Steven Cooley, Curtis Hazell, John Spillane, John Zajec and Jacquelyn Lacey in the action entitled *Hyatt Seligman v. County of Los Angeles, Steven Cooley, Curtis Hazell, John Spillane, John Zajec, Jacquelyn Lacey, and Does 1 through 100, inclusive,* filed in the Superior Court of the State of California for the County of Los Angeles (the "Action"), hereby remove said Action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1331, § 1441, and § 1446. The grounds for removal are as follows:

<u>**Compliance With Statutory Requirements**</u>

1.      Defendants were served with copies of the Summons and Complaint in the Action on July 30, 2010.  This Notice of Removal is thus timely as it has been filed within thirty days after service on the defendants of plaintiff's initial pleading. *See* 28 U.S.C. §1446(b).

2.      In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon defendants in the Action are attached to this Notice of Removal.  Specifically, copies of the Summons are attached as Exhibit A; copies of the Complaint and related documents are attached as Exhibit B; and a copy of a Notice of Continued Case Management Conference is attached as Exhibit C.  In addition, a copy of defendants' Answer to the Complaint is attached as Exhibit D.

3.      Pursuant to 28 U.S.C. § 1446(d), defendants promptly will provide written notice of the removal of the Action to plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

<u>**Jurisdiction**</u>

4.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the Action is a civil action "arising under the Constitution, laws,

LAI-3104720v1

- 1 -

1  or treaties of the United States."  Specifically, plaintiff seeks damages for alleged

2  violations of his rights under the First and Fourteenth Amendments to the United

3  States Constitution.

4

5  Dated: August 27, 2010                    **JONES DAY**

6

7  By _____
                 Brian D. Hershman

8  Attorneys for Defendants
   COUNTY OF LOS ANGELES, STEVEN
9  COOLEY, CURTIS HAZELL, JOHN
   SPILLANE, JOHN ZAJEC and
10 JACQUELYN LACEY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAI-3104720v1



**EXHIBIT A**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES, STEVEN
**(AVISO AL DEMANDADO):** COOLEY, CURTIS HAZELL, JOHN
SPILLANE, JOHN ZAJEC, JACQUELYN LACEY, and DOES 1
through 100, inclusive

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 01 2010

John A. Clark..., ....... Officer/Clerk

By _____, Deputy
NANCY ALVAREZ

**YOU ARE BEING SUED BY PLAINTIFF:** HYATT SELIGMAN
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

**CASE NUMBER:**
**(Número del Caso):**

BC434840

The name and address of the court is:
El nombre y dirección de la corte es):
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES - CENTRAL DISTRICT
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
GREGORY W. SMITH (SBN 134385)/MARLA A. BROWN (SBN 140158)   (818) 712-4000   (818) 712-4004
LAW OFFICES OF GREGORY W. SMITH
9300 CANOGA AVENUE, SUITE 1590
WOODLAND HILLS, CALIFORNIA 91367

DATE:
(Fecha)

Clerk, by _____, Deputy
(Secretario)   NANCY ALVAREZ   (Adjunto)

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

RECEIVED
JUL 2010
By LA District Attorney's
............. Administration

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Exhibit A
3

Legal
Solutions
Plus

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**



**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES, STEVEN
**(AVISO AL DEMANDADO):** COOLEY, CURTIS HAZELL, JOHN
SPILLANE, JOHN ZAJEC, JACQUELYN LACEY, and DOES 1
through 100, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 0 1 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
NANCY ALVAREZ

**YOU ARE BEING SUED BY PLAINTIFF:** HYATT SELIGMAN
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| (El nombre y dirección de la corte es): | (Número del Caso): BC434840 |

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES - CENTRAL DISTRICT
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
GREGORY W. SMITH (SBN 134385)/MARIA A. BROWN (SBN 140158)   (818) 712-4000   (818) 712-4004
LAW OFFICES OF GREGORY W. SMITH
6300 CANOGA AVENUE, SUITE 1590
WOODLAND HILLS, CALIFORNIA 91367

| DATE: | Clerk, by | , Deputy |
| (Fecha) | (Secretario) | (Adjunto) |

NANCY ALVAREZ

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

RECEIVED
JUL 2010
By LA District Attorney's
Office - Administration

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | Legal Solutions Plus |
| SUM-100 [Rev. July 1, 2009] | | |

Exhibit A
4

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES, STEVEN
*(AVISO AL DEMANDADO):* COOLEY, CURTIS HAZELL, JOHN
SPILLANE, JOHN ZAJEC, JACQUELYN LACEY, and DOES 1
through 100, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 01 2010

John A. Clark, Executive Officer/Clerk

By _____, Deputy
NANCY ALVAREZ

**YOU ARE BEING SUED BY PLAINTIFF:** HYATT SELIGMAN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*El nombre y dirección de la corte es:* | **CASE NUMBER:** *(Número del Caso):*<br>BC434040 |

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES - CENTRAL DISTRICT
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GREGORY W. SMITH (SBN 134385)/MARLA A. BROWN (SBN 140158)  (818) 712-4000  (818) 712-4004
LAW OFFICES OF GREGORY W. SMITH
6300 CANOGA AVENUE, SUITE 1590
WOODLAND HILLS, CALIFORNIA 91367

| DATE:<br>*Fecha)* | Clerk, by<br>*(Secretario)* NANCY ALVAREZ | , Deputy<br>*(Adjunto)* |
|---|---|---|

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
            [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
            [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
            [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

RECEIVED
JUL 2010
By LA District Attorney's
Office - Administration

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

Exhibit A
5

Legal
Solutions
℗ Plus

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)



CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 01 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
NANCY ALVAREZ

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES, STEVEN
*(AVISO AL DEMANDADO):* COOLEY, CURTIS HAZELL, JOHN
SPILLANE, JOHN ZAJEC, JACQUELYN LACEY, and DOES 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** HYATT SELIGMAN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF LOS ANGELES - CENTRAL DISTRICT<br>111 NORTH HILL STREET<br>LOS ANGELES, CALIFORNIA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC434840 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
GREGORY W. SMITH (SBN 134385)/MARLA A. BROWN (SBN 140158)   (818) 712-4000   (818) 712-4004
LAW OFFICES OF GREGORY W. SMITH
6300 CANOGA AVENUE, SUITE 1590
WOODLAND HILLS, CALIFORNIA 91367

DATE: _____ Clerk, by _____, Deputy
*(Fecha)*                *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

RECEIVED
JUL 01 2010
By LA District Attorney's
Office - Administratio

NANCY ALVAREZ

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Exhibit A

6

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 0 1 2010

John A. Clark, Executive Officer/Clerk

By _____, Deputy
NANCY ALVAREZ

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES, STEVEN
*(AVISO AL DEMANDADO):* COOLEY, CURTIS HAZELL, JOHN
SPILLANE, JOHN ZAJEC, JACQUELYN LACEY, and DOES 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** HYATT SELIGMAN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*El nombre y dirección de la corte es:*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES - CENTRAL DISTRICT
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012

**CASE NUMBER:**
*(Número del Caso):*
BC434840

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

GREGORY W. SMITH (SBN 134385)/MARLA A. BROWN (SBN 140158)     (818) 712-4000   (818) 712-4004
LAW OFFICES OF GREGORY W. SMITH
6300 CANOGA AVENUE, SUITE 1590
WOODLAND HILLS, CALIFORNIA 91367

DATE:                                    Clerk, by _____, Deputy
*(Fecha)*                                *(Secretario)*                              *(Adjunto)*
                                                                                NANCY ALVAREZ

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [✓] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

RECEIVED
JUL 2010
by LA District Attorney's Office - Administration

[SEAL]  APR 0 1 2010

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Exhibit A
7

Legal Solutions Plus

# EXHIBIT B

D47

Debre Katz
Weintraub

**FILED**
LOS ANGELES SUPERIOR COURT

APR 01 2010

JOHN A. CLARKE, CLERK

BY NANCY ALVAREZ, DEPUTY

1 | GREGORY W. SMITH (SBN 134385)
MARLA A. BROWN (SBN 140158)
2 | **LAW OFFICES OF GREGORY W. SMITH**
6300 Canoga Avenue, Suite 1590
3 | Woodland Hills, California 91367
Telephone:  (818) 712-4000
4 | Telecopier:  (818) 712-4004

5 | CHRISTOPHER BRIZZOLARA (SBN 130304)
1528 16th Street
6 | Santa Monica, California 90404
Telephone:  (310) 394-6447
7 | Telecopier:  (310) 656-7701

8 | Attorneys for Plaintiff
Hyatt Seligman

9 

10 |                                     **UNLIMITED JURISDICTION**

11 |      **SUPERIOR COURT OF THE STATE OF CALIFORNIA** BC 4 3 4 8 4 0

12 |                     **FOR THE COUNTY OF LOS ANGELES**

HYATT SELIGMAN         )     **CASE NO.**

        Plaintiff,     )     **COMPLAINT FOR DAMAGES AND**
                    )     **REQUEST FOR JURY TRIAL**
    vs.            )

COUNTY OF LOS ANGELES, STEVEN )
COOLEY, CURTIS HAZELL, JOHN )
SPILLANE, JOHN ZAJEC, )
JACQUELYN LACEY, and DOES 1 )
through 100, inclusive, )
                    )
        Defendants. )

## GENERAL ALLEGATIONS

At all times relevant hereto, plaintiff Hyatt Seligman ("plaintiff")  was a Deputy

Attorney employed in the County of Los Angeles, State of California, and was and is a compe[tent]

adults.

1.    Plaintiff is informed and believes and thereon alleges that, at all times relevant he[reto]

defendant County of Los Angeles ("City"), was an entity committing torts in and engaged [in the]

matter of commercial actuality in purposeful economic activity within the County of Los Angeles,

1

**COMPLAINT FOR DAMAGES**

Exhibit B
8

1   State of California.  At all times pertinent hereto, defendant County owned, controlled, and
2   operated the agency known as the County of Los Angeles District Attorney's Office.

3   2.     Defendant Los Angeles County is a municipal corporation and at all times mentioned
4   herein has been the employer of plaintiff Seligman.  The remaining individual defendants, sued
5   herein in both their personal and official capacities, were at all relevant times mentioned herein
6   employees and/or agents of Los Angeles County.

7   3.     Defendant Steve Cooley is, and at all times herein mentioned was, the District Attorney for
8   the County of Los Angeles.  He was first elected to office in November 2000.  His office has
9   approximately 1,000 deputy prosecutors. Defendant Cooley resides in the County of Los Angeles.
10  He is sued in his personal and official capacity.

11  4.     Defendants Curtis Hazell, John Spillane, John Zajec, and Jacquelyn Lacey have been at
12  all times pertinent to this action top ranking officials in the administration of Defendant Cooley.
13  Each of these Defendants has authority over promotions, demotions, transfers and discipline
14  within the DA's Office and each has illegally discriminated and retaliated against plaintiff
15  Seligman and other union members in matters pertaining to promotions, transfers, and discipline.
16  This policy is described in detail below.  They are sued in their personal and official capacities.

17  5.     Plaintiff is informed, believes and thereon alleges that at all relevant times herein, each of
18  the fictitiously named defendants was an agent, employee or co-conspirator of one or more of the
19  named defendants, and was acting within the course and scope of said agency or employment.
20  Plaintiff is further informed, believes and thereon alleges that each of the fictitiously-named
21  defendants aided and assisted the named defendants in committing the wrongful acts alleged
22  herein, and that plaintiff's damages, as alleged herein, were proximately caused by such
23  defendants.

24  6.     Plaintiff is informed, believes and thereon alleges that defendants, and each of them,
25  conspired and agreed among themselves to do the acts complained of herein and were, in doing
26  such acts, acting pursuant to and in furtherance of said conspiracy, and each defendant sued
27  herein is jointly and severally responsible and liable to plaintiff for the damages alleged herein.
28

Exhibit B        **COMPLAINT FOR DAMAGES**
9

7.     Defendants, and each of them, and/or their agents/employees knew or should have known that each of the remaining co-defendants, individually and together in varying combinations, was engaging in the conduct alleged herein.

8.     Plaintiff is informed and believes and thereupon alleges that defendants DOES 1 through 33, inclusive, and each of them, were, at all times relevant hereto, public, business, and/or other entities whose form is unknown, committing torts in and/or engaged as a matter of commercial actuality, in purposeful economic activity within the County of Los Angeles, State of California.

9.     Plaintiff is informed and believes and thereupon alleges that defendants DOES 34 through 67, inclusive, and each of them, were, at all times relevant hereto, individuals, residing in and/or committing torts within the County of Los Angeles, State of California.

10.    Plaintiff is informed and believes and thereupon alleges that DOES 68 through 100 inclusive, and each of them, at all times relevant hereto, were residents of the County of Los Angeles, State of California, and were agents, partners, and/or joint venturers of defendants and/or DOES 1 through 33, inclusive, acting as supervisors, managers, administrators, owners, and/or directors or in some other unknown capacity.

11.    The true names and capacities of defendants DOE 1 through 100, and each of them, whether individual, corporate, associate or otherwise, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff will file DOE amendments, and/or ask leave of court to amend this complaint to assert the true names and capacities of these defendants when they have been ascertained. Plaintiff is informed and believes, and upon such information and belief alleges, that each defendant herein designated as a DOE was and is in some manner, negligently, wrongfully, or otherwise, responsible and liable to plaintiff for the injuries and damages hereinafter alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

12.    Plaintiff is informed and believes, and thereon allege, that at all times material herein the defendants, and each of them, were the agents, servants, and employees, or ostensible agents,

1  servants, or employees of each other defendant, and as such, were acting within the course and
2  scope of said agency and employment or ostensible agency and employment, except on those
3  occasions when defendants were acting as principals, in which case, said defendants, and each
4  of them, were negligent in the selection, hiring, and use of the other defendants.

5  13.    Each defendant principal and/or employer herein had advance knowledge of the unfitness
6  of each defendant agent and/or employee, and employed each such agent and/or employee with
7  a conscious disregard of the rights or safety of others or otherwise authorized or ratified the
8  wrongful conduct of each such agent and/or employee.  As to each such corporate or other entity
9  defendant herein, the advance knowledge and conscious disregard, authorization, ratification, or
10 act of oppression, fraud, or malice was on the part of an officer, director, or managing agent of
11 the corporation or other entity.

12 14.    Plaintiff is further informed and believes that at all times relevant hereto, defendants, and
13 each of them, acted in concert and in furtherance of the interests of each other defendant.

14 15.    This court is the proper court because injury or damage to plaintiff and/or the personal
15 property of same occurred in its jurisdictional area.

16 16.    Plaintiff has complied with and/or exhausted any applicable claims statutes and/or
17 administrative and/or internal remedies and/or grievance procedures, or is excused from
18 complying therewith.

19 17.    Plaintiff herein was and is employed by defendant County and the County of Los Angeles
20 District Attorney's Office as a Deputy District Attorney.

21              **FIRST CAUSE OF ACTION FOR**
22 **VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**
23              **PURSUANT TO 42 U.S.C. 1983, ET. SEQ.**

24 18.    Plaintiff repeats and re-alleges each and every allegation set forth above, and incorporates
25 same by reference as though set forth fully herein.

26 19.    This case arises from an anti-union policy implemented by defendant Steven Cooley, the
27 District Attorney of Los Angeles County, and his senior officials.  They have called the president

28

4
**COMPLAINT FOR DAMAGES**

1  of the employees' union representing deputy district attorneys, Steven J. Ipsen (hereinafter

2  "Ipsen") a "crook."  Worse, they have declared that prosecutors who join the union, a group

3  including the plaintiff named herein, are "ratifying dishonesty" and are "contaminated," thereby

4  justifying "disastrous" career consequences for any such deputy.

5  20.     Remarkably, defendants admitted in sworn testimony that they retaliate against prosecutors

6  who join the union.  As described in detail below, the victims of defendants' discriminatory policy

7  are some of the best and brightest prosecutors in the District Attorney's Office.  Defendants'

8  discriminatory acts include transferring senior union members to juvenile courts, assignments

9  reserved for young, inexperienced prosecutors.  For more experienced prosecutors, such

10 transfers amount to a career death sentence.  These assignments often involve substantial

11 commutes from prosecutors' residences and are referred to by defendants as "freeway therapy."

12 Defendants are also retaliating against union-represented prosecutors by threatening to reduce

13 their health care benefits beginning in January 2010.

14 21.     Defendants use District Attorney Investigators (*i.e.*, law enforcement officers working

15 directly for defendants) to harass and intimidate the union's most active members as well as their

16 allies in the media, a practice harkening back to the kind of 19th Century thuggery commonly

17 employed against union organizers.

18 22.     Each of these acts constitutes an adverse employment action substantially motivated by

19 protected association and/or speech, including speech touching on public policy as set forth

20 herein.

21 23.     Punitive transfers, law enforcement harassment, illegal suspensions, and false employee

22 allegations are also par for the course for other deputies who exercise their First Amendment

23 rights in ways defendants find displeasing. See, *e.g.*, First Amended Complaint, ¶¶ 33, 59, 67-71,

24 filed in *Eng v. County of Los Angeles, Steve Cooley, et al.* (C.D. Cal. Case No. CV 05-2686).  As

25 detailed below, defendants sharply increased their reliance upon these practices after the

26 Association of Deputy District Attorneys became a certified public employees union in March

27 2008.

28

5

Exhibit B               **COMPLAINT FOR DAMAGES**
12

24.   Plaintiff seeks to exercise plaintiff's First Amendment rights of freedom of speech and freedom of association to engage in union-related activities without being subjected to defendants' policy of discrimination and intimidation.

25.   The Association of Deputy District Attorneys ("ADDA") is an employee organization (*i.e.*, public employees union) formed in accordance with Los Angeles County's Employee Relations Ordinance.  The Los Angeles County Employee Relations Commission, the County agency that oversees employee relations between the County and its public employees unions, certified ADDA as the official representative for Los Angeles County Employees Bargaining Unit 801 in March 2008.  ADDA has approximately 300 deputy district attorneys as members and Bargaining Unit 801 consists of deputy district attorneys in Grades I through IV.  There are an additional deputy district attorneys who are eligible to become members of the ADDA.

26.   Steven J. Ipsen ("Ipsen") is currently a Grade IV deputy district attorney in the DA's Office and the President of ADDA, who resides in Los Angeles County, who has been active in ADDA's affairs and in its organization prior to its certification as a bargaining unit.

27.   Marc Debbaudt ("Debbaudt") is currently a Grade IV deputy district attorney in the DA's office and the Vice-President of ADDA, who resides in Los Angeles County, who has been active in ADDA's affairs and in its organization prior to its certification as a bargaining unit.

28.   Plaintiff Hyatt Seligman ("Seligman") is currently a Grade IV deputy district attorney in the DA's office who resides in Los Angeles County and a member of ADDA who is active in ADDA's affairs and who was instrumental in obtaining ADDA's certification as a bargaining unit, and who in 2009 became a member of ADDA's contract negotiating team.

29.   In March 24, 2008, Los Angeles County's Employee Relations Commission ("ERCOM") certified ADDA as the employee organization recognized to represent the deputy prosecutors of County Bargaining Unit 801.  Prior to this date, ADDA was an entity that served primarily as a vehicle for social events for deputy prosecutors.  After certification, ADDA became a full-fledged public employees union with the same rights and responsibilities as any other County-recognized union.

30.    Shortly after ADDA's certification, ADDA Board Member Frank Tavelman sent an email to Defendant Lacey requesting the DA's office state, in writing, that it remains neutral regarding union issues and that it would refrain from taking punitive action against any prosecutor for exercising his or her right to join ADDA.  Defendant Lacey is a top Cooley Administration official and had served as the ADDA's liaison with the Administration.

31.    Defendant Lacey told Tavelman that Defendants would not comply with ADDA's request. Rather than honor ADDA's request to take a neutral position, Defendants implemented an office-wide policy of discriminating against ADDA members regarding promotions, demotions, and transfers.  This policy, and the actions of the individual Defendants taken in furtherance of this policy, shall hereinafter be referred to as Defendants' "Union Discrimination Policy."

32.    Shortly before October 17, 2008, Defendant Lacey met with Robert Dver, a 24-year veteran prosecutor and, at that time, the Assistant Head Deputy of the Training Division of the DA's Office. The Training Division is responsible for providing, *inter alia*, a one-month training seminar for all newly hired prosecutors, followed by additional seminars during the first two years of new prosecutors' careers.  During their early years in the office, newly-hired prosecutors often look to their trainers as mentors and routinely seek advice from them not only relating to cases but also to office policies, both written and unwritten.

33.    Dver and Defendant Lacey were close friends prior to October 17, 2008.

34.    When they met, Dver told Defendant Lacey that he wanted to join ADDA's Contract Negotiating Team, which was scheduled to begin negotiating with Cooley's management team later in the year.  ADDA believed Dver would be a significant asset to its team, as both ADDA's leadership and Defendants regarded Dver as highly ethical and one of the best prosecutors in the DA's Office.

35.    Dver told Defendant Lacey that he wanted to join ADDA's Contract Negotiating Team because he believed he could help achieve reasonable compromises between ADDA and the Cooley Administration.  Dver intended to tell Defendant Cooley of his decision and sought advice from Defendant Lacey as to how best to approach him.  Dver was also friends with Defendant

1  Cooley at that time - Cooley had previously attended bar mitzvahs for Dver's children - and

2  thought he should speak to Cooley face-to-face about his decision.

3  36.    Defendant Lacey told Dver not to join ADDA's negotiating team and also told him not to

4  even bring up the subject with Defendant Cooley.  To do so, she said, would be a "disaster" for

5  Dver's career.

6  37.    Dver nevertheless met with Defendant Cooley on October 17, 2008 in order to discuss his

7  decision to join ADDA's bargaining team.

8  38.    Defendant Cooley reacted to Dver's idea with disgust.  He told Dver that many of ADDA's

9  members supported unionization as a result of Dver doing so and that ADDA had exploited Dver's

10  reputation to aid its organizational activities.

11  39.    Defendant Cooley then slandered ADDA's President, Steve Ipsen, by referring to him as

12  a "crook" and declared that the prosecutors who signed the union cards leading to ADDA's

13  certification were "contaminated."

14  40.    Defendant Cooley had obtained a confidential list of ADDA members who signed union

15  cards when one of his subordinates, Peter Burke, unlawfully obtained the list from ERCOM.

16  Immediately upon obtaining the list, Burke published it to unauthorized persons and attached it

17  as an exhibit to a state court complaint he filed the day before Dver met with Defendant Cooley.

18  41.    Defendant Cooley instructed Dver to "undermine" ADDA since, according to Cooley, Dver

19  had been responsible for ADDA's certification as a public employees union.  Defendant Cooley

20  further instructed Dver to team up with Burke and another deputy prosecutor, Tom Rubinson, in

21  their efforts to undermine ADDA.

22  42.    Dver was shocked by Defendant Cooley's anti-union animus and did not agree to his

23  demand to "undermine" ADDA.

24  43.    After the meeting on October 17, 2008, Defendant Cooley transferred Dver out of the

25  Training Division.  Defendant Cooley also demoted Dver from his position as Assistant Head

26  Deputy and stripped him of his supervisory tasks.

27

28

44.     Dver never joined ADDA's bargaining team.  Plaintiff is informed, believes, and thereon alleges that defendants' intimidation and harassment of Dver caused him to decline ADDA's offer to join its bargaining team.

45.     On July 9, 2009, defendant Lacey testified under oath at a hearing and admitted that participation in ADDA, particularly its negotiating team, is detrimental to a deputy prosecutor's career.

46.     Defendants' Union Discrimination Policy is commonly known among deputy district attorneys throughout Los Angeles County.

47.     Defendants' Union Discrimination Policy has deprived, and is continuing to deprive, plaintiffs and other ADDA members of their constitutional rights to freedom of association and freedom of speech in numerous ways.

48.     For example, defendants gave written notice to all deputy prosecutors that, beginning in January 2010, the County will reduce the health care benefits of all union-represented prosecutors in the DA's Office.

49.     Besides violating both federal and state law, defendants' threats to reduce health care benefits starting in January 2010 have hindered ADDA's ability to recruit and retain members.

50.     As detailed in the remainder of this complaint, defendants have also subjected plaintiff Seligman and other ADDA members to punitive transfers, illegal suspensions, and intimidation by armed DA Investigators. They have called ADDA's president Ipsen a "crook" and declared that all other members of ADDA have "ratif[ied] dishonesty" by joining the union and associating with Ipsen.  These smears would damage the reputation of any attorney.  They are extraordinarily damaging to prosecutors, attorneys from whom the judicial system rightly demands the highest ethics.  More than simply insulting, the slandering of 300 ADDA prosecutors by the men and women who run the DA's office has created a moral stigma that, left undisturbed, will cause reasonable, non-member prosecutors to think twice before joining ADDA.

51.    Each of these acts constitutes an adverse employment action substantially motivated by protected association and/or speech, including speech touching on matters relating to public policy as set forth herein.

52.    In taking these actions, defendants seek to chill plaintiff's constitutional rights to freedom of association and freedom of speech by discouraging non-ADDA prosecutors from joining the union.  These actions are unlawfully undermining  ADDA's representation of prosecutors in the DA's office and financially damaging ADDA by depriving it of dues-paying members who would join the union but for defendants' illegal actions.

53.    Defendants also seek to chill plaintiff's constitutional rights to freedom of association and freedom of speech by punishing plaintiff and other ADDA members, such as Dver, who desire to aid ADDA's Contract Negotiating Team.

54.    Defendants also sought and continue to seek to chill plaintiff Seligman's constitutional rights to freedom of association and freedom of speech by punishing him through repeated punitive and retaliatory transfers and assignments.  Plaintiff Seligman is also member of ADDA's Contract Negotiating Team.  During a bargaining session in 2009 plaintiff Seligman questioned defendants' denials that punitive transfers occur in the DA's office.  Defendants became so irate at having a deputy prosecutor dare to ask such a question that, two days later, plaintiff Seligman found *himself* on the receiving end of one of those transfers.

55.    Defendants' illegal retaliation and threats of continued retaliation against highly respected prosecutors such as plaintiff Seligman have deprived ADDA of valuable and persuasive persons to represent it in collective bargaining negotiations.  Additionally, Defendants' retaliation against members of ADDA's Contract Negotiating Team including plaintiff Seligman, in response to statements made in bargaining sessions has been intended to chill the team's ability to represent ADDA and its members.  The removal of Dver and Seligman from the Training Division has further injured ADDA by depriving newly-hired prosecutors of pro-union mentors, thereby reducing the chances that newly-hired prosecutors will make the mistake of "contaminating" themselves -- in the words of Steve Cooley -- by joining ADDA.

56.     Defendants' illegal retaliation and threats of continued retaliation against highly respected prosecutors such as plaintiff Seligman have deprived ADDA of valuable and persuasive persons capable of speaking on public policy matters and including "issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government."

57.     Defendants have applied their Union Discrimination Policy against ADAA members, particularly members of ADDA's Board of Directors, including plaintiff Seligman, who have actively sought to organize deputy district attorneys into a viable collective bargaining organization. Examples of how Defendants apply their Policy are detailed below.

58.     Plaintiff Seligman is an active ADDA member who has been subject to Defendants' discriminatory policies. Plaintiff Hyatt Seligman, a 30-year veteran of the DA's office and, at all times pertinent to this action, a member of ADDA.

59.     For much of the first half of his career in the DA's Office, plaintiff Seligman tried murder cases involving defendants claiming mental disease as a defense.

60.     Plaintiff Seligman is arguably one of the most knowledgeable prosecutor in the state on the subject of mental defenses in criminal cases. He authored the practice guide on mental defenses used by the California District Attorneys Association and distributed to prosecutors throughout the state.

61.     From 1996 to 2006, plaintiff Seligman was assigned to the Training Division of the DA's Office. During that time, he personally trained hundreds of new deputy prosecutors for the office. Seligman received "Outstanding" ratings during the entire time he was assigned to the Training Division.

62.     In May 2006, plaintiff Seligman was assigned to the position of Deputy-In-Charge of the Psychiatric Section of the DA's Office, a unit of the office specializing in issues involving competency of defendants to stand trial and extensions of involuntary commitments in state hospitals for mentally disordered offenders found not guilty of crimes by reason of insanity.

63.  As the Deputy-In-Charge of the Psychiatric Section, plaintiff Seligman supervised other deputies assigned to the unit. Seligman performed numerous tasks that had not been performed by his predecessor. He consulted, almost on a daily basis, with both of the Superior Court judges assigned to hear psychiatric cases as well as all of his deputies, most of the defense attorneys who specialized in psychiatric cases, and the psychiatrists who routinely testified as expert witnesses.

64.  Plaintiff Seligman routinely visited mental hospitals run by the California Department of Mental Health. He also visited separately-run juvenile mental health centers and volunteered to speak with sexual offenders and their families. He even donated some of his used suits to a job-interview program established for them.

65.  Plaintiff participated in a panel discussion held at Patton Hospital that was televised live to all five state hospitals and all the mental health psychiatrists and technicians and social workers. Plaintiff Seligman consulted with the Hospital's directors and their administrative and treating psychiatrists and provided lectures for their benefit.

66.  Plaintiff Seligman lectured to psychiatric fellows at USC and cross-examined psychiatric fellows from UCLA in mock training exercises. He also met with officials from the National Association of Mental Illness in order to develop programs that accommodated both the needs of the mentally ill accused of violent felonies while also protecting society from them.

67.  The DA's Office tasked plaintiff Seligman with responsibility for reviewing legislative proposals affecting the mentally ill and the criminal justice system. He provided key input that Governor Arnold Schwarzenegger relied upon in vetoing a poorly drafted bill concerning the establishment of criminal courts devoted to the mentally ill. Plaintiff Seligman also played a key role in drafting a bill to allow prosecutors to select an expert to examine a defendant who puts his or her mental state at issue in a criminal case. Governor Schwarzenegger signed this bill, AB 1516, on October 11, 2009. 68.  While at the Psychiatric Section, plaintiff Seligman volunteered to lecture to deputy prosecutors at the DA's offices throughout the County on how to process and litigate competency and conservatorship issues and the interplay between these issues and

1   issues arising in criminal cases. He continued training all newly-hired deputies on trial advocacy

2   and other key legal issues and doctrines. He also regularly lectured to various law enforcement

3   agencies throughout the County on issues such as Confession Law and Search and Seizure.

4   69.    During the time he was assigned to Psychiatric Section, plaintiff Seligman received

5   "Outstanding" ratings from his superiors.

6   70.    Plaintiff Seligman testified before the Los Angeles County Employee Relations Commission

7   in 2007 in hearings to determine whether ADDA should be certified as an employee organization

8   qualified to represent deputy district attorneys in negotiations for a collective bargaining

9   agreement with the County.

10  71.    Plaintiff Seligman offered key testimony that convinced the Commission to certify ADDA

11  an employee organization. ADDA trumpeted plaintiff Seligman's role in convincing ERCOM on

12  March 24, 2008 to recognize ADDA as a County employee organization.

13  72.    Approximately one month after ERCOM certified ADDA, Richard Doyle, a high level official

14  in the Cooley Administration, called plaintiff Seligman and told him he was being transferred out

15  of the Psychiatric Section. Doyle said he did not know the reason for plaintiff Seligman's transfer,

16  despite the fact that Directors normally conduct all transfers in the DA's Office. Doyle told plaintiff

17  Seligman that he had done such a good job that Seligman could choose his next assignment.

18  73.    Plaintiff Seligman called Doyle early the following week and asked for an assignment in

19  which he would continue to have supervisory authority, either as a Deputy-In-Charge or as

20  Assistant Head Deputy. Doyle said no such openings existed.

21  74.    Plaintiff Seligman then requested an assignment in the Major Crimes Division. Doyle said

22  there was no opening there.

23  75.    Plaintiff Seligman then requested an assignment in the Organized Crimes Division. Doyle

24  told him there was no opening there.

25  76.    Finally, plaintiff Seligman requested to be sent back to the Training Division. Doyle granted

26  this request, but refused to give plaintiff Seligman a supervisory position, despite the fact that

27

28

1  Seligman's supervisors had rated him "Outstanding" in his previous, supervisory assignment in

2  the Psychiatric Section.

3  77.   In 2009 Seligman joined ADDA's Contract Negotiating Team.

4  78.   In a bargaining session on March 17, 2009, plaintiff Seligman questioned Defendants'

5  punitive transfers of prosecutors. In response, a member of Cooley's bargaining team told plaintiff

6  Seligman that she found his comments to be "off-putting."  Plaintiff Seligman told her that he

7  apologized if she found his comments to be offensive.

8  79.   Two days later, plaintiff's Seligman's supervisor in the Training Division informed him that

9  Defendants were transferring plaintiff Seligman to the DA's branch office in Long Beach. Plaintiff

10 Seligman's supervisor was upset by the transfer and did not want to lose plaintiff Seligman as a

11 trainer for new deputy prosecutors, given that he had performed key components of every training

12 class for the past thirteen years.  In fact, plaintiff Seligman was informed that he was not to have

13 any role whatsoever in training any of the new prosecutors.

14 80.   Defendants' punitive transfers of plaintiff Seligman and Dver from the Training Division

15 have ensured that no active ADDA members are available to train newly hired prosecutors and

16 that new prosecutors, in turn, will not have any pro-union mentors during the early years of their

17 careers in the DA's office.

18 81.   Plaintiff Seligman promptly contacted Michael Tranbarger, the Head Deputy of

19 the Long Beach Branch Office and the person who would soon be plaintiff Seligman's superior.

20 Tranbarger informed plaintiff Seligman that Long Beach did not need Seligman and did not have

21 any office space for him.  He then said that he would find somewhere to put a desk for plaintiff

22 Seligman, even if it was in a hallway.

23 82.   Plaintiff Seligman's assignments in Long Beach do not include any training of deputy

24 prosecutors or special expertise in psychiatric issues.

25 83.   Defendants subjected plaintiff Seligman to these punitive transfers in accordance with their

26 Union Discrimination Policy, and in retaliation for his exercise of his First Amendment Rights of

27 Freedom of Speech and Freedom of Association.

28

84.     Four months after Defendants transferred him to Long Beach, plaintiff Seligman received a PE rating of "Meets Expectations" from Tranbarger.  This rating was two tiers below the "Outstanding" ratings plaintiff Seligman had previously received throughout his career.  The PE did not describe any of plaintiff Seligman's work during his prior eight months at the Training Division, despite the fact that PEs are supposed to be based upon a prosecutor's performance for an entire 12-month period.

85.     When plaintiff Seligman asked Tranbarger about the PE, Tranbarger explained that a "Meets Expectations" rating was the highest rating he was allowed to give to plaintiff Seligman and, if he had given Seligman a higher rating in his PE, Defendants would have "kicked it back" to Tranbarger and made him revise it.

## FIRST CAUSE OF ACTION

### (Violation of U.S. Constitution, Amendment I – Freedom of Association)

### (On Behalf of Plaintiff Seligman Against All Defendants)

86.     Plaintiff hereby incorporates by reference all of the foregoing allegations set forth above as if set forth fully hereat.

87.     At all times pertinent hereto, it was clearly established federal law that plaintiff Seligman had a right to freedom of association guaranteed by the First Amendment to the Constitution of the United States.  This right encompasses the right of all workers, both in public and private sectors, to form, and participate in, labor unions.

88.     At all times pertinent hereto, it was clearly established federal law that plaintiff Seligman had a right to be free from actions taken by a governmental employer that "chill the exercise of First Amendment Freedoms."

89.     At all times pertinent hereto, it was clearly established federal law that the First Amendment right to freedom of association is violated by threats of retaliation against persons desiring to exercise that right as well as actual retaliation occurring after the fact.

90.     At all times pertinent hereto, each Defendant knew, or should have known, of the aforementioned constitutional rights clearly established under federal law.

**COMPLAINT FOR DAMAGES**

91.    Plaintiff Seligman  desires to to e able to gather together with and promote the activities of ADDA including, but not limited to, organizing deputy district attorneys, representing deputy district attorneys in negotiations with the County regarding collective bargaining agreements, and advancing legislative proposals in the California Legislature and the County Board of Supervisors that are beneficial to ADDA members, the public, and the criminal justice system.

92.    Defendants' Union Discrimination Policy has hindered plaintiff from organizing and recruiting other deputy district attorneys to become members of ADDA and promote the activities of ADDA.

93.    Defendants' Union Discrimination Policy has also violated the rights of other deputy district attorneys who desire to become active members of ADDA but do not want to risk exposure to Defendants' Union Discrimination Policy.

94.    Accordingly, Defendants' Union Discrimination Policy violates the right of free association guaranteed by the First Amendment to the United States Constitution, made applicable to state and local governments through the Due Process Clause of the Fourteenth Amendment and actionable pursuant to 42 U.S.C. §1983.

95.    Plaintiff Seligman suffered injuries, damages and losses as a result of Defendants' conduct as stated herein.

96.    The conduct of defendants, and each of them, caused plaintiff to suffer injury, damage, loss, or harm.

97.    As a legal result of the above-described conduct of said defendants, plaintiff has sustained and will continue to sustain severe physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other non-economic damages.

98.    As a further legal result of the above-described conduct of said defendant, plaintiff was required, and/or in the future may be required, to engage the services of health care providers,