and incurred expenses for medicines, health care appliances, modalities, and/or other related expenses in a sum to be ascertained according to proof.

99. As a further legal result of the above-described conduct of said defendants, plaintiff was and will be hindered, prevented, and/or precluded from performing plaintiffs' usual activities, school work, education, and occupation, causing the plaintiffs to sustain damages for loss of income, wages, earning, and earning capacity, and other economic damages, in an amount to be ascertained according to proof.

100. As a further legal result of the above-described conduct of said defendants, plaintiff suffered incidental, consequential, and/or special damages, in an amount according to proof.

101. As a further legal result of the above-described conduct of said defendants, plaintiff has and will sustain attorneys' fees and costs in an amount according to proof.

**SECOND CAUSE OF ACTION**

**(Violation of U.S. Constitution, Amendment I – Freedom of Speech)**

**(On Behalf of All Plaintiff Seligman Against All Defendants)**

102. Plaintiff hereby incorporates by reference the allegations set forth in above as through as though set forth fully hereat.

103. At all times pertinent hereto, it was clearly established federal law that plaintiff Seligman had a right to freedom of speech guaranteed by the First Amendment to the Constitution of the United States. This right encompasses the right of all workers, both in public and private sectors, to discuss, make statements regarding, and express opinions regarding matters of public policy, including "issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government."

104. At all times pertinent hereto, it was clearly established federal law that plaintiff Seligman had a right to be free from government retaliation taken against them for speech that touches matters of public concern. This right to be free of retaliation includes the right to be free from adverse employment action substantially motivated by protected speech.

105.  At all times pertinent hereto, each Defendant knew, or should have known, of the aforementioned constitutional rights clearly established under federal law.

106.  Plaintiff Seligman had and has a constitutional right to free speech in relation to the promotion of the activities of ADDA including, but not limited to, public policy matters relating to organizing deputy district attorneys, representing deputy district attorneys in negotiations with the County regarding collective bargaining agreements, and advancing legislative proposals in the California Legislature and the County Board of Supervisors that are beneficial to ADDA members and the criminal justice system.

107.  Defendants' Union Discrimination Policy has hindered plaintiff Seligman from speaking out about these matters.

108.  Defendants' Union Discrimination Policy has also violated the free speech rights of other district attorneys who desire to become active members of ADDA and speak out about public policy matters concerning ADDA but do not want to risk exposure to Defendants' Union Discrimination Policy.

109.  Accordingly, Defendants' Union Discrimination Policy violates the right of free speech guaranteed by the First Amendment to the United States Constitution, made applicable to state and local governments through the Due Process Clause of the Fourteenth Amendment and actionable pursuant to 42 U.S.C. §1983.

110.  Plaintiff Seligman suffered injuries, damages and losses as a result of Defendants' conduct as stated herein.

111.  The conduct of defendants, and each of them, caused plaintiff to suffer injury, damage, loss, or harm.

112.  As a legal result of the above-described conduct of said defendants, plaintiff has sustained and will continue to sustain severe physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other non-economic damages.

113. As a further legal result of the above-described conduct of said defendant, plaintiff was required, and/or in the future may be required, to engage the services of health care providers, and incurred expenses for medicines, health care appliances, modalities, and/or other related expenses in a sum to be ascertained according to proof.

114. As a further legal result of the above-described conduct of said defendants, plaintiff was and will be hindered, prevented, and/or precluded from performing plaintiffs' usual activities, school work, education, and occupation, causing the plaintiffs to sustain damages for loss of income, wages, earning, and earning capacity, and other economic damages, in an amount to be ascertained according to proof.

115. As a further legal result of the above-described conduct of said defendants, plaintiff suffered incidental, consequential, and/or special damages, in an amount according to proof.

116. As a further legal result of the above-described conduct of said defendants, plaintiff has and will sustain attorneys' fees and costs in an amount according to proof.

**THIRD CAUSE OF ACTION**

**(Violation of U.S. Constitution, Amendment XIV – Equal Protection)**

**(On Behalf of Plaintiff Seligman Against All Defendants)**

117. Plaintiff hereby incorporate by reference all of the foregoing allegations as if set forth fully herein.

118. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly-situated persons equally.

119. Defendants' enforcement of their Union Discrimination Policy, and the actions of defendants, including Defendant Cooley which violate plaintiff Seligman's First amendment Rights of Freedom of Association and Freedom of Speech, discriminates against plaintiff, and other ADDA members, while allowing similarly-situated County employees to enjoy their constitutional rights without interference.

120. By treating plaintiff Seligman and ADDA members in a discriminatory manner, Defendants have violated plaintiff's fundamental constitutional rights.

121.   Defendants have no rational justification for their discrimination or actions which violate First Amendment Rights of plaintiff Seligman and other ADDA members.

122.   Therefore, Defendants' Union Discrimination Policy and the actions of defendants, including Defendant Cooley in violation of plaintiff's First Amendment Rights of Freedom of Association and Freedom of Speech, violate the Equal Protection Clause of the Fourteenth Amendment.

123.   As a legal and proximate result of the actions of defendants, and each of them, plaintiff has sustained general damages in such nature and sum as shall be determined.

124.   As a further legal and proximate result of the actions of defendants, and each of them, plaintiff has sustained economic damages consisting of loss of past and future earnings, income, past and future earning capacity, promotions, promotional opportunities, and other career advancement opportunities, benefits, and other losses in such nature and sums as shall be determined.

125.   Plaintiff Seligman suffered injuries, damages and losses as a result of Defendants' conduct as stated herein.

126.   The conduct of defendants, and each of them, caused plaintiff to suffer injury, damage, loss, or harm.

127.   As a legal result of the above-described conduct of said defendants, plaintiff has sustained and will continue to sustain severe physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other non-economic damages.

128.   As a further legal result of the above-described conduct of said defendant, plaintiff was required, and/or in the future may be required, to engage the services of health care providers, and incurred expenses for medicines, health care appliances, modalities, and/or other related expenses in a sum to be ascertained according to proof.

129. As a further legal result of the above-described conduct of said defendants, plaintiff was and will be hindered, prevented, and/or precluded from performing plaintiffs' usual activities, school work, education, and occupation, causing the plaintiffs to sustain damages for loss of income, wages, earning, and earning capacity, and other economic damages, in an amount to be ascertained according to proof.

130. As a further legal result of the above-described conduct of said defendants, plaintiff suffered incidental, consequential, and/or special damages, in an amount according to proof.

131. As a further legal result of the above-described conduct of said defendants, plaintiff has and will sustain attorneys' fees and costs in an amount according to proof.

**FOURTH CAUSE OF ACTION**

**(Violation of U.S. Constitution, Amendment I and XIV – *Monell Claims***

**(On Behalf of Plaintiff Seligman Against Defendants Steven Cooley, in his official capacity as the District Attorney of Los Angeles County and County of Los Angeles)**

132. Plaintiff hereby incorporates by reference all of the foregoing allegations as if set forth fully herein.

133. The acts of the individually named Defendants, as stated herein, occurred under color of law and constituted deprivations the Plaintiffs' rights secured by the First and Fourteenth Amendments to the United States Constitution.

134. The acts of the individually named Defendants herein were undertaken pursuant to policies established and instituted by Defendant Cooley acting in his official capacity as the District Attorney of Los Angeles County and the County of Los Angeles. Specifically, Defendant Cooley instituted as a policy of the District Attorney of Los Angeles County the "Union Discrimination Policy" whereby employees were intimidated from joining the ADDA, and whereby members of the ADDA, including plaintiff Seligman and other union members were illegally discriminated and retaliated against in matters pertaining to promotions, transfers, and discipline for engaging in union activity, or for engaging in protected speech.

135. This "Union Discrimination Policy" policy amounted to a deliberate indifference to the constitutional rights of the plaintiff as stated herein.

136. This "Union Discrimination Policy" was a cause or moving force behind the underlying constitutional violation.

137. The plaintiff sustained injuries, damages and losses as a result of the application of this unconstitutional policy as stated herein.

138. Plaintiff Seligman suffered injuries, damages and losses as a result of Defendants' conduct as stated herein.

139. The conduct of defendants, and each of them, caused plaintiff to suffer injury, damage, loss, or harm.

140. As a legal result of the above-described conduct of said defendants, plaintiff has sustained and will continue to sustain severe physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other non-economic damages.

141. As a further legal result of the above-described conduct of said defendant, plaintiff was required, and/or in the future may be required, to engage the services of health care providers, and incurred expenses for medicines, health care appliances, modalities, and/or other related expenses in a sum to be ascertained according to proof.

142. As a further legal result of the above-described conduct of said defendants, plaintiff was and will be hindered, prevented, and/or precluded from performing plaintiffs' usual activities, school work, education, and occupation, causing the plaintiffs to sustain damages for loss of income, wages, earning, and earning capacity, and other economic damages, in an amount to be ascertained according to proof.

143. As a further legal result of the above-described conduct of said defendants, plaintiff suffered incidental, consequential, and/or special damages, in an amount according to proof.

144. As a further legal result of the above-described conduct of said defendants, plaintiff has and will sustain attorneys' fees and costs in an amount according to proof.

**WHEREFORE**, plaintiff prays for judgment against the defendants and that the Court:

A. Adjudge, decree and declare the rights and other legal relations of the parties to the subject matter and claims in controversy in order that such declarations shall have the force and effect of a final judgment and that the Court retain jurisdiction of this matter for the purpose of enforcing the Court's Orders;

B. Pursuant to 28 U.S.C. §2201, declare that the Defendants' policies and practices, as alleged above, violate the First and Fourteenth Amendments to the United States Constitution;

C. Pursuant to 28 U.S.C. §2202, F.R.C.P. Rule 65, and 42 U.S.C. § 1983, preliminarily and permanently enjoin the Defendants from enforcing their unconstitutional policies and practices against plaintiff and others similarly situated;

D. Pursuant to 42 U.S.C. §1988, and other applicable law, award plaintiff Seligman his costs and expenses incurred in bringing this action, including its reasonable attorneys' fees;

E. Award plaintiff Seligman compensatory and punitive damages against the individual defendants for the injuries suffered in violation of federal law in an amount to be determined by a jury;

F. Award plaintiff Seligman general damages in such sums and nature as shall be determined by a jury;

G. Award plaintiff Seligman economic damages in such sums and nature as shall be determined by a jury;

H. Award plaintiff Seligman damages in such sums and nature as shall be determined by a jury for physical, mental, and emotional injuries, pain, distress, suffering, anguish, fright, nervousness, grief, anxiety, worry, shame, mortification, injured feelings, shock, humiliation and indignity, as well as other unpleasant physical, mental, and emotional reactions, damages to reputation, and other non-economic damages, in a sum to be ascertained according to proof;

I. Award plaintiff Seligman damages in such sums and nature as shall be determined by a jury for health care, services, supplies, medicines, health care appliances, modalities, and other related expenses in a sum to be ascertained according to proof;

J. Award plaintiff Seligman damages in such sums and nature as shall be determined by a jury for loss of wages, income, earnings, earning capacity, support, domestic services, benefits, and other economic damages in a sum to be ascertained according to proof;

K. Award plaintiff Seligman damages in such sums and nature as shall be determined by a jury for other actual, consequential, and/or incidental damages in a sum to be ascertained according to proof;

L. Award plaintiff Seligman his costs of suit herein incurred;

M. Award plaintiff Seligman pre-judgment interest;

N. Grant such other and further relief as the Court deems equitable and proper.

**REQUEST FOR JURY TRIAL**

Plaintiff requests a jury trial for all issues so triable.

DATED:

LAW OFFICES OF GREGORY W. SMITH

By: [signature]

Gregory W. Smith
Marla A. Brown
Attorneys for Plaintiff
Hyatt Seligman

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
GREGORY W. SMITH (SBN 134385)
MARLA A. BROWN (SBN 140158)
LAW OFFICES OF GREGORY W. SMITH
6300 CANOGA AVENUE, SUITE 1590
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE NO.: (818) 712-4000 FAX NO.: (818) 712-4004
ATTORNEY FOR (Name): Plaintiff HYATT SELIGMAN

FOR COURT USE ONLY

FILED
LOS ANGELES SUPERIOR COURT
APR 01 2010
JOHN A. CLARKE, CLERK
BY NANCY ALVAREZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: HYATT SELIGMAN v. COUNTY OF LOS ANGELES, et al.

## CIVIL CASE COVER SHEET

[X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC434840
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify)*: FOUR (4)

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: MARCH 30, 2010
GREGORY W. SMITH (SBN 134385)
MARLA A. BROWN (SBN 140158)
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exhibit B
32

CM-01

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you mu complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to comp statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must che one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of actio To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cove sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, i counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owe in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in whicl property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tor damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subjec to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

| SHORT TITLE: HYATT SELIGMAN v. COUNTY OF LOS ANGELES, et al. | CASE NUMBER BC434840 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:
JURY TRIAL? [X] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 7-10 [ ] HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage<br>[ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons<br>[ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall)<br>[ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270 Intentional Infliction of Emotional Distress<br>[ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [X] A6005 Civil Rights/Discrimination | 1., (2.), 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: HYATT SELIGMAN v. COUNTY OF LOS ANGELES, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels ______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer - Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

SHORT TITLE: HYATT SELIGMAN v. COUNTY OF LOS ANGELES, et al. | CASE NUMBER

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: HYATT SELIGMAN v. COUNTY OF LOS ANGELES, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS: 210 WEST TEMPLE STREET |
|---|---|---|---|
| CITY: LOS ANGELES | STATE: CA | ZIP CODE: 90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the SUPERIOR COURT OF THE STATE OF CALIFORNI courthouse in the CENTRAL District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: MARCH 30, 2010

(SIGNATURE OF ATTORNEY/FILING PARTY)
GREGORY W. SMITH/MARLA A. BROWN

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number BC434840

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this

| | ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| | Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 | |
| | Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 | |
| | Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 | |
| | Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 | |
| | Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| | Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 | |
| | Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Rex Heeseman | 19 | 311 | Hon. John P. Shook | 53 | 513 | |
| | Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 | |
| | Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 | |
| | Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 | |
| | Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 | |
| | Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 | |
| | Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 | |
| | Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 | |
| | Hon. Michael C. Solner | 39 | 415 | **Hon. Carl J. West*** | **311** | **CCW** | |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | | |
| | Hon. Ronald M. Sohigian | 41 | 417 | | | | |

***Class Actions**

**All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.**

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ______________ JOHN A. CLARKE, Executive Officer/Clerk

By ________________________, Deputy Clerk



EXHIBIT C

GREGORY W. SMITH (SBN 134385)
MARLA A. BROWN (SBN 140158)
**LAW OFFICES OF GREGORY W. SMITH**
6300 Canoga Avenue, Suite 1590
Woodland Hills, California 91367
Telephone: (818) 712-4000
(213) 385-3400
Telecopier: (818) 712-4004

IN ASSOCIATION WITH

CHRISTOPHER BRIZZOLARA (SBN 130304)
1528 16th Street
Santa Monica, California 90404
Telephone: (310) 394-6447
Telecopier: (310) 656-7701

Attorneys for Plaintiff
HYATT SELIGMAN

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| HYATT SELIGMAN,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, STEVEN COOLEY, CURTIS HAZELL, JOHN SPILLANE, JOHN ZAJEC, JACQUELYN LACEY, and DOES 1 through 100, inclusive,<br><br>Defendants. | **CASE NO. BC 434 840**<br><br>**[Assigned to the Hon. Debre Katz Weintraub, Judge, Dept. "47"]**<br><br>**NOTICE OF CONTINUED CASE MANAGEMENT CONFERENCE**<br><br>**Date: October 20, 2010**<br>**Time: 8:30 a.m.**<br>**Dept.: "47"**<br><br>**Action Filed: April 1, 2010** |

TO: EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

**PLEASE TAKE NOTICE** that the Court has continued the **Case Management Conference** in this matter to **October 20, 2010** at **8:30 a.m.** in **Department "47"** of the Los Angeles Superior Court - Central District located at 111 North Hill Street, Los Angeles, California.

**FURTHER NOTICE IS HEREBY GIVEN** that all parties and/or counsel of record are required to meet and confer about the matters to be discussed relating to the Case

Management Conference no later than 30 days before the above-stated hearing date. Furthermore, a Case Management Conference Statement must be filed jointly or individually by all parties at least fifteen (15) calendar days prior to the hearing.

Dated: July 26, 2010

LAW OFFICES OF GREGORY W. SMITH

By: [signature]

GREGORY W. SMITH
MARLA A. BROWN
Attorneys for Plaintiff
HYATT SELIGMAN



EXHIBIT D

Elwood Lui (State Bar No. 45538)
elui@jonesday.com
Brian D. Hershman (State Bar No. 168175)
bhershman@jonesday.com
John S. Sasaki (State Bar No. 202161)
jssasaki@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendants
COUNTY OF LOS ANGELES, STEVEN COOLEY, CURTIS HAZELL, JOHN SPILLANE, JOHN ZAJEC and JACQUELYN LACEY

**FILING FEE EXEMPT PURSUANT TO GOVERNMENT CODE § 6103**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 26 2010

John A. Clarke, Executive Officer/Clerk
By ______, Deputy
SHAUNYA WESLEY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| HYATT SELIGMAN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, STEVEN COOLEY, CURTIS HAZELL, JOHN SPILLANE, JOHN ZAJEC and JACQUELYN LACEY, and DOES 1 through 100, inclusive,<br><br>Defendants. | **CASE NO. BC 434840**<br><br>**ANSWER TO COMPLAINT**<br><br>Assigned for all purposes to the Hon. Debra Katz Weintraub Dept. 47<br><br>Complaint Filed: April 1, 2010 |

Defendants COUNTY OF LOS ANGELES, STEVEN COOLEY, CURTIS HAZELL, JOHN SPILLANE, JOHN ZAJEC and JACQUELYN LACEY hereby answer the Complaint filed herein by plaintiff Hyatt Seligman, and allege and aver as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30, defendants generally and specifically deny each and every allegation of plaintiff's unverified Complaint, and each of the causes of action and claims for relief in the Complaint. Defendants further deny that plaintiff has suffered, or will suffer, any injury, damages or loss, or is entitled to costs, expenses or attorneys' fees in any matter or sum whatsoever, by reason of any act or omission of defendants, their agents, employees and/or anyone acting on defendants' behalf.

**AFFIRMATIVE DEFENSES**

The following affirmative defenses are asserted by defendants without admitting that plaintiff has sustained any damages or detriment, or that defendants are liable to plaintiff in any manner whatsoever. Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and any further factual developments in this case. To the extent any of the following defenses more properly may be characterized as elements of plaintiff's claims that plaintiff cannot meet its burden to prove, by asserting such defenses herein defendants do not purport to assume the burden of proof thereof.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. The Complaint, and each alleged cause of action alleged therein, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

2. The Complaint, and each alleged cause of action alleged therein, is barred to the extent plaintiff failed to mitigate his alleged damages.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

3. The Complaint, and each cause of action alleged therein, is barred to the extent plaintiff failed to comply with the applicable statute(s) of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver and/or Estoppel)**

4. The Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrines of waiver and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(Ripeness)**

5. The Complaint, and each cause of action alleged therein, is barred to the extent plaintiff's claims are not ripe.

**SIXTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

6. As a separate and affirmative defense, the individually named defendants assert they are entitled to qualified immunity as to the Complaint and each cause of action alleged therein. Defendants acted at all relevant times in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accord with the Constitution and laws of the United States. There is no liability where one acts in good faith and entertains an honest, reasonable belief that his or her actions do not violate clearly established law.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Reasons)**

7. The Complaint, and each cause of action alleged therein, is barred in whole or in part because defendants had an honest, reasonable, good faith belief in the facts on which they based their acts, omissions and conduct taken with respect to plaintiff, and all acts were undertaken for legitimate business reasons.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Discriminatory Treatment)**

8. The alleged disparity of treatment, if any, was based on one or more legitimate and non-discriminatory reasons.

**NINTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

9. To the extent punitive damages are sought against defendants, the Complaint and each cause of action alleged therein fails to state facts sufficient to justify an award of punitive damages and the Complaint and each cause of action alleged therein fails to state sufficient and specific facts to support the underlying allegations. Furthermore, a government entity such as the County of Los Angeles cannot be liable for punitive damages.

**TENTH AFFIRMATIVE DEFENSE**

**(No Retaliation)**

10. The conduct set forth in the Complaint does not constitute retaliation under applicable law.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Discrimination)**

11. The conduct set forth in the Complaint does not constitute discrimination under applicable law.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Governmental Policy)**

12. Plaintiff's claims are barred because the alleged violations of civil rights did not occur pursuant to any governmental policy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No State Action)**

13. Plaintiff's claims are barred because the alleged violations of civil rights were not the result of any state action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Eleventh Amendment)**

14. Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Respondeat Superior)**

15. Defendants cannot be held vicariously liable or otherwise responsible for acts of their subordinates under the doctrine of respondeat superior.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

16. Plaintiff's claims are barred to the extent plaintiff has not exhausted his administrative remedies.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Actual Injury)**

17. Plaintiff has suffered no actual injury due to defendants' conduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Standing)**

18. Plaintiffs lack standing to seek the relief sought in the Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Persons Under 42 U.S.C. § 1983)**

19. With respect to any claim for damages against them, defendants are not "persons" under 42 U.S.C. § 1983, and plaintiffs therefore cannot recover damages against them.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

20. Plaintiff's claims for equitable relief are barred in whole or in part by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, defendants pray as follows:

1. That the Complaint be dismissed with prejudice;
2. That plaintiff take nothing from defendants by virtue of the Complaint;
3. That judgment be entered in favor of defendants and against plaintiff;
4. That defendants recover their costs of suit incurred herein; and
5. For such other and further relief as this Court may deem just and proper

Dated: August 26, 2010

JONES DAY

By ______________________
Brian D. Hershman

Attorneys for Defendants
COUNTY OF LOS ANGELES, STEVEN COOLEY, CURTIS HAZELL, JOHN SPILLANE, JOHN ZAJEC and JACQUELYN LACEY

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I, the undersigned, declare that I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within-entitled action; my business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300. On August 26, 2010, I served the foregoing document(s) described as:

**ANSWER TO COMPLAINT**

by placing true copy(ies) thereof enclosed in sealed envelope(s), addressed as follows:

Gregory W. Smith, Esq.
Marla A. Brown, Esq.
Law Offices of Gregory W. Smith
6300 Canoga Ave., Suite 1590
Woodland Hills, CA 91367

Tel: (818) 712-4000
Fax: (818) 712-4004

Christopher Brizzolara, Esq.
1528 16th Street
Santa Monica, CA 90404

Tel: (310) 394-6447
Fax: (310) 656-7701

I caused such envelope(s) with postage thereon fully prepaid to be deposited in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, the correspondence would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 26, 2010, at Los Angeles, California.

Shelley L. Hirmand